1  DAVID M. GILMORE, #105429
   dgilmore@gmlegal.net
2  TIMOTHY V. LOGOLUSO, #131158
   tlogoluso@gmlegal.net
3  KATHERINE M. RIGBY, #276988
   krigby@gmlegal.net
4  GILMORE MAGNESS LEIFER
   P.O. Box 28907
5  Fresno, CA  93729-8907
   Telephone: (559) 448-9800
6  Facsimile: (559) 448-9899

7  ELIOTT R. GOOD, #0025635 (Pro Hac Vice)
   ergood@chorgood.com
8  Chorpenning Good & Pandora Co., LPA
   605 South Front Street, Suite 210
9  Columbus, Ohio 43215
   Telephone: (614) 469-1301
10 Facsimile: (614) 469-0122

11 Attorneys for Fluxcap, LLC, Jason Adler
   Alphabet Ventures, LLC
12

13
                    UNITED STATES DISTRICT COURT
14
                  NORTHERN DISTRICT OF CALIFORNIA
15

16
   GRANITE HILL INDIA OPPORTUNITES          District Court Case No. 3:16-cv-06531
17 FUND, L.P. and GRANITE HILL INDIA
   PARALLEL FUND,L.P.,                      **MEMORANDUM OF POINTS AND**
18                                          **AUTHORITIES IN SUPPORT OF**
                 Plaintiffs,                **DEFENDANTS' MOTION TO DISMISS**
19                                          **FOR (1) LACK OF PERSONAL**
         v.                                 **JURISDICTION; AND/OR (2) FOR**
20                                          **IMPROPER VENUE; OR IN THE**
   FLUXCAP, LLC, JASON ADLER,               **ALTERNATIVE FOR CHANGE OF**
21 ALPHABET VENTURES, LLC and DOES 1        **VENUE**
   through 20, inclusive,
22                                          Date:     January 18, 017
                 Defendants.                Time:     10:00 a.m.
23                                          Crtrm:    11

24

25

26

27
                                                          Court Case No. 3:16-cv-06531
28
   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
      FOR (1) LACK OF PERSONAL JURISDICTION; AND/OR (2) FOR IMPROPER VENUE; OR IN THE
                         ALTERNATIVE FOR CHANGE OF VENUE

TABLE OF CONTENTS

**Page**

I.  STATEMENT OF ISSUES TO BE DECIDED............................................................... 1

II.  STATEMENT OF THE CASE.......................................................................................... 1

III.  STATEMENT OF RELEVANT FACTS .......................................................................... 2

IV.  LAW AND ARGUMENT ................................................................................................ 3

    A.  The United States District Court for the Northern District of California
    Lacks Personal Jurisdiction Over Defendants............................................................ 3

        1.  This Court Does Not Have General Jurisdiction Over the
        Defendants.................................................................................................... 5

        2.  This Court Does Not have Specific Jurisdiction over Defendants................ 5

            (a)  Plaintiffs Cannot Show "Purposeful Availment" by
            Defendants...................................................................................... 6

            (b)  The Claim Does Not Arise Out of or Relate to Defendants'
            Forum-Related Activities. ............................................................... 7

            (c)  Exercise of Jurisdiction Over the Defendants Would Be
            Unreasonable. ................................................................................. 7

    B.  Venue is Improper in the United States District Court for the Northern
    District of California. ................................................................................................. 9

        1.  Defendants Reside in the Southern District of New York. ........................ 10

        2.  The Northern District of California is Not the Judicial District in
        Which a Substantial Part of the Events or Omissions Giving Rise to
        the Claim Occurred; or the Judicial District in Which a Substantial
        Part of Property that is the Subject of the Action is Situated..................... 10

        3.  The Action May Be Brought in the United States District Court for
        the Southern District of New York. ........................................................... 12

    C.  If the Action is Not Dismissed, it Should be Transferred to the United States
    District Court for the Southern District of New York............................................. 12

V.  CONCLUSION .............................................................................................................. 14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
FOR (1) LACK OF PERSONAL JURISDICTION; AND/OR (2) FOR IMPROPER VENUE; OR IN THE
ALTERNATIVE FOR CHANGE OF VENUE

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Action Corp. v. Atlantic Embroidery, Inc.,*
   368 F.3d 1174 ............................................................................................................ 9

*Alliance for Multilingual Multicultural Educ. v. Garcia,*
   2011 U.S. Dist. LEXIS 68101, 2011 WL 2532478 (N.D. Cal. June 24, 2011) ...................... 10

*AT&T v. Compagnie Bruxelles Lambert,*
   94 F.3d 586 (9th Cir. 1996) ......................................................................................... 3

*Atlantic Marine Const. Co., v. U.S. Dist. Court for W. Dist. Of Tex.,*
   134 S. Ct. 568, 187 L.Ed.2d 487 (2013) ............................................................... 10, 12

*Brand v. Menlove Dodge,*
   796 F.2d 1070 (9th Cir. 1986) ..................................................................................... 8

*Burger King Corp. v. Rudzewicz,*
   471 U.S. 462 (1985) ............................................................................................. 6, 7, 8

*Cohen v. State Farm & Cas. Co.,*
   2009 WL 2500729 (Aug. 14, 2009) ............................................................................ 13

*Core-Vent Corp. v. Nobel Indus.,*
   11 F.3d 1482 (9th Cir 1993) ..................................................................................... 8, 9

*Data Disc, Inc. v. Systems Technologies Associates, Inc.,*
   557 F.2d 1280 (9th Cir. 1977) ..................................................................................... 5

*Decker Coal Co. v. Commonwealth Edison Co.,*
   805 F.2d 834 (9th Cir. 1986) ..................................................................................... 13

*Federal Deposit Ins. Corp. v. British-American Ins. Co., Ltd.,*
   828 F.2d (9th Cir. 1987) ............................................................................................. 8

*Fireman's Fund Ins. Co. v. National Bank of Cooperatives,*
   103 F.3d 888 (9th Cir 1996) ....................................................................................... 4

*Hanson v. Denchkla,*
   357 U.S. 235 (1958) ................................................................................................... 6

*Helicopteros Nacionales de Columbia, S.A. v. Hall,*
   466 U.S. 408 ............................................................................................................. 5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR (1) LACK OF PERSONAL JURISDICTION; AND/OR (2) FOR IMPROPER VENUE; OR IN THE ALTERNATIVE FOR CHANGE OF VENUE

*International Shoe Co. v. Washington,*
   326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95 (1945) ........................................................... 4, 9

*Jones v. GNC Franchising, Inc.,*
   211 F.3d 495 (9th Cir. 2000) ................................................................................ 12, 13

*Pacific Atlantic Trading Co. v. M/V Main Express,*
   758 F.2d 1325 (9th Cir.1985) ........................................................................................ 4

*Pacific Car and Foundry Co., v. Pence,*
   403 F.2d 949 (9th Cir. 1968) ........................................................................................ 13

*Perkins v. Benguet Consol Mining Co.,*
   342 U.S. 437 (1952) ........................................................................................................ 5

*Piedmont Label Co., v. Sun Garden Packing Co.,*
   598 F.2d 491 (9th Cir. 1979) ........................................................................................ 10

*Rano v. Sipa Press, Inc.,*
   987 F.2d 580 (9th Cir. 1993), *as amended* (Mar. 24, 1993) ........................................ 5

*Richmond Techs., Inc., v. Aumtech Bus. Solutions,*
   2011 U.S. Dist. LEXIS 71269, 2011 WL 2607158 (N.D. Cal. July 1, 2011) ........................ 11

*Rodriguez v. Cal. Highway Patrol,*
   89 F. Supp. 2d 1131 (N.D. Cal. 2000) .......................................................................... 10

*Schilling v. Transcor Am.,*
   2009 U.S. Dist. LEXIS 100447, 2009 WL 3334889 ...................................................... 13

*Schwarzenegger v. Fred Martin Motor Co.,*
   374 F.3d 797 (9th Cir. 2004) ...................................................................................... 5, 6

*Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica,*
   614 F.2d (9th Cir. 1980) ................................................................................................ 7

*Toyz, Inc. v. Wireless Toyz, Inc.,*
   2010 WL 334475 (N.D. CA 2010) ............................................................................... 4, 9

*Walden v. Fiore,*
   134 S. Ct. 1115 (2014) ................................................................................................ 4, 6

*Yahoo! Inc., v. La Ligue Contre Le Racisme Et L'Antisemitisme,*
   433 F.3d 1199 (9th Cir. 2006) (en banc) ...................................................................... 6

**STATUTES**

28 U.S.C. 1391(b)(2) ........................................................................................................ 10

Court Case No. 3:16-cv-06531

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
FOR (1) LACK OF PERSONAL JURISDICTION; AND/OR (2) FOR IMPROPER VENUE; OR IN THE
ALTERNATIVE FOR CHANGE OF VENUE

28 U.S.C. §1391 ...................................................................................................................... 9

28 U.S.C. §1391(b) .......................................................................................................... 9, 10

28 U.S.C. § 1391(b)(1)............................................................................................................ 12

28 U.S.C. § 1391(b)(1) and (3) .............................................................................................. 12

28 U.S.C. §1391(b)(2)............................................................................................................. 11

28 U.S.C. § 1404(a)...................................................................................................... 12, 13, 14

28 U.S.C. §1406(a)................................................................................................................. 9, 12

California Code of Civil Procedure § 410.10................................................................................ 4

Civil L. ................................................................................................................................... 14

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(3)................................................................................................... 9, 12, 14

Federal Rule of Civil Procedure 12(b)(2) .................................................................................. 3, 14

United States Constitution................................................................................................................ 4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
FOR (1) LACK OF PERSONAL JURISDICTION; AND/OR (2) FOR IMPROPER VENUE; OR IN THE
ALTERNATIVE FOR CHANGE OF VENUE

I.

## STATEMENT OF ISSUES TO BE DECIDED

1.      Are Defendants entitled to an order dismissing the Complaint for lack of personal jurisdiction?

YES

2.      Are Defendants entitled to an order dismissing the Complaint for improper venue?

YES

3.      If the Court does not dismiss the Complaint, are Defendants entitled to an order transferring the case from the United States District Court for the Northern District of California to the United States District Court for the Southern District of New York?

YES

II.

## STATEMENT OF THE CASE

This action was commenced on October 5, 2016, in the Superior Court of California, County of San Mateo (the "State Court").

On October 25, 2016, service of the Summons and Complaint ("Complaint") filed in the State Court was made on Defendants by Notice and Acknowledgment under California law.

On November 10, 2016, Defendants filed their Notice of Removal of the State Court action to this Court, to which a copy of the Complaint was attached. [Document 1]. Defendants, thereafter, moved for and were granted an extension within which to respond to the Complaint until December 8, 2016 [Document 12].

On November 28, 2016, the Court entered its Reassignment Order Setting CMC [Document 19] by which the instant matter was reassigned to the Honorable James Donato and set the initial Case Management Conference for February 16, 2017, at 10:00 A.M., in Courtroom 11, 19th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR (1) LACK OF PERSONAL JURISDICTION; AND/OR (2) FOR IMPROPER VENUE; OR IN THE ALTERNATIVE FOR CHANGE OF VENUE

III.

## STATEMENT OF RELEVANT FACTS

Plaintiffs, Granite Hill Opportunities Fund, L.P. and Granite Hill India Parallel Fund, L.P. ("Plaintiffs") are investment funds doing business at 66 Bovet Road, Suite 380, San Mateo, California 94402. Complaint, ¶ 3.

Adler is, and has been, the sole member of the defendant, Fluxcap, and the managing member of Alphabet, continuously, since their respective formations. Declaration of Jason Adler, executed on December 6, 2016 (Adler Dec, ¶¶ 1,3), Adler is a resident of the City, County and State of New York and has resided there continuously during the entire period of the events that are the subject of the Complaint. Adler Dec, ¶ 2.

The Complaint alleges that Adler and his "alter egos," Fluxcap and Alphabet, have breached a contract with the Plaintiffs to purchase shares of common stock of Palantir Technologies, Inc. (the "Shares"). Complaint, First Cause of Action. While the Defendants deny that either Fluxcap or Alphabet are Adler's "alter egos" or that Defendants entered into or breached any such contract, all discussions between the Defendants and individuals believed to have been representatives of the proposed sellers of the Shares, were conducted by Adler, and to some extent, Michael Gorenstein, Esq., an attorney for Fluxcap ("Gorenstein").  Adler Dec, ¶ 4; Declaration of Michael Gorenstein, executed on December 6, 2016  (Gorenstein Dec, ¶ 3). Gorenstein is a resident of the City and State of New York. Adler Dec, ¶ 4; Gorenstein Dec, ¶ 2.

In addition to Adler and Gorenstein, certain of the discussions regarding the proposed transactions were conducted by representatives of Celadon Financial Group, LLC ("Celadon") and Rainmaker Securities, Inc., ("Rainmaker") which Defendants understood, at all times pertinent to the claims that are the subject of this matter, to have been securities broker-dealers. Rainmaker first brought the proposed transactions to Adler's attention. Adler Dec, ¶ 4.

Court Case No. 3:16-cv-06531

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR (1) LACK OF PERSONAL JURISDICTION; AND/OR (2) FOR IMPROPER VENUE; OR IN THE ALTERNATIVE FOR CHANGE OF VENUE

1        Celadon is believed to be located in Chatham, New Jersey, which is, approximately, 30

2 miles from New York City, and Rainmaker is believed to be located in Chicago, Illinois. Adler

3 Dec, ¶ 4.

4        Adler has never resided in California, nor has he ever conducted business activities in

5 California. Neither Fluxcap, nor Alphabet, have ever had any offices in California, and neither has

6 ever conducted any business activities in California. None of Adler's activities in connection with

7 the proposed transactions, nor those of Gorenstein, took place in California. Adler Dec, ¶ 5;

8 Gorenstein Dec, ¶ 4.

9        Adler was introduced to the proposed sale of the shares by Steve DeWald of Rainmaker

10 while Adler was in New York, and all communications between Adler and/or Gorenstein and

11 representatives of the proposed sellers of the Shares were conducted by telephone or email, and at

12 all times Adler and/or Gorenstein were in the New York City area, or a location other than

13 California, when they engaged in such communications. Adler Dec, ¶¶ 5 and 6; Gorenstein Dec, ¶

14 4.

15        No one acting on behalf of any of the Defendants engaged in any activities in California,

16 and no one was authorized to do so. Adler did not sign any documents in connection with any of

17 the proposed transactions in California. Adler Dec, ¶ 7.

18 IV.

19 LAW AND ARGUMENT

20 **A.**     **The United States District Court for the Northern District of California Lacks Personal Jurisdiction Over Defendants.**

21

22        Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move for dismissal

23 of a plaintiff's claim(s) on the grounds of lack of personal jurisdiction. Where the defendant

24 moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing

25 that personal jurisdiction exists. *AT&T v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th

26 Cir. 1996).

27        The determination of whether personal jurisdiction exists over a non-resident defendant

28

3                     Court Case No. 3:16-cv-06531

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR (1) LACK OF PERSONAL JURISDICTION; AND/OR (2) FOR IMPROPER VENUE; OR IN THE ALTERNATIVE FOR CHANGE OF VENUE

1   involves two inquiries: (1) Whether the forum state's long-arm statute permits the assertion of

2   jurisdiction; and (2) Whether the assertion of personal jurisdiction violates federal due process

3   requirements. *Fireman's Fund Ins. Co. v. National Bank of Cooperatives,* 103 F.3d 888, 893 (9th

4   Cir 1996).

5       California Code of Civil Procedure § 410.10 states, "[a] court of this state may exercise

6   jurisdiction on any basis not inconsistent with the constitution of this state or of the United States."

7   Cal. Code. Civ. P. §410.10. Because California's long-arm statute extends to the limits of the

8   United States Constitution, the sole issue here is whether jurisdiction comports with due process

9   See *Pacific Atlantic Trading Co. v. M/V Main Express,* 758 F.2d 1325, 1327 (9th Cir.1985).

10       For this court to exercise personal jurisdiction over a nonresident defendant, that defendant

11   must have at least "minimum contacts" with California, such that the exercise of jurisdiction "does

12   not offend traditional notions of fair play and substantial justice." *International Shoe Co. v.*

13   *Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 90 L.Ed. 95 (1945). See, also, *Toyz, Inc. v. Wireless*

14   *Toyz, Inc.,* 2010 WL 334475 at *6 (N.D. CA 2010) quoting *Data Disc, Inc. v. Systems*

15   *Technologies Associates, Inc.,* 557 F.2d 1280, 1287 (9th Cir. 1977).

16       The "minimum contacts test" depends on whether, under the facts of the case, the forum

17   state has a sufficient relationship with the defendant and the litigation to make it reasonable ("fair

18   play") to require the defendant to defend the action in a federal court located in that state. For "a

19   state to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must

20   create a substantial connection with the forum State." *Walden v. Fiore,* 134 S. Ct. 1115, 1121

21   (2014).

22       A defendant's relationship with the forum state, "must arise out of contacts the defendant

23   himself creates with the forum state." *Id.* at 1122. "Due process requires that a defendant be haled

24   into a forum State based on his own affiliation with the State, not based on the 'random,

25   fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the

26   State." *Id.* at 1123, citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985).

27       In order for plaintiffs to satisfy their burden of establishing personal jurisdiction, they must

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
FOR (1) LACK OF PERSONAL JURISDICTION; AND/OR (2) FOR IMPROPER VENUE; OR IN THE
ALTERNATIVE FOR CHANGE OF VENUE

1   demonstrate that the Court has either "general" or "specific" jurisdiction over Defendants.

2   *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414, n.8; 415 (1984); *Data*

3   *Disc, supra,* 557 F.2d at 1287. As discussed, below, neither general nor specific jurisdiction exists

4   over the Defendants.

**1.     This Court Does Not Have General Jurisdiction Over the Defendants.**

5

6   For general jurisdiction to exist over a nonresident defendant, plaintiff must demonstrate

7   that the defendant has "substantial, continuous, and systematic" contacts with the forum state that

8   amount to physical presence within the forum state. *Helicopteros,* 466 U.S. at, 414; *Perkins v.*

9   *Benguet Consol Mining Co.,* 342 U.S. 437, 445 (1952).

10  It is clear that Defendants have never resided or been domiciled in California, and that

11  none of the Defendants have ever done any business in California. General jurisdiction over the

12  Defendants is lacking because no Defendant has any substantial, continuous or systematic contacts

13  with California, and Plaintiffs have not alleged and cannot show otherwise. *Helicopteros,* 466 U.S.

14  at 416, 418.

15  **2.     This Court Does Not have Specific Jurisdiction over Defendants.**

16

17  "Under specific jurisdiction, a court may assert jurisdiction for a cause of action that arises

18  out of the defendant's forum-related activities." *Rano v. Sipa Press, Inc.,* 987 F.2d 580, 588 (9th

Cir. 1993), *as amended* (Mar. 24, 1993).

19
    The Ninth Circuit employs a three-prong test to determine whether a defendant has

20  sufficient contacts with the forum state such that the forum may exercise specific jurisdiction: (1)

21  The non-resident defendant must purposefully direct his activities or consummate some

22  transaction with the forum or resident thereof; or perform some act by which he purposefully

23  avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits

24  and protections of its laws; (2) The claim must be one which arises out of or relates to the

25  defendant's forum-related activities; and (3) The exercise of jurisdiction must comport with fair

26  play and substantial justice, *i.e.,* it must be reasonable. *Schwarzenegger v. Fred Martin Motor Co.,*

27

28
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
FOR (1) LACK OF PERSONAL JURISDICTION; AND/OR (2) FOR IMPROPER VENUE; OR IN THE
ALTERNATIVE FOR CHANGE OF VENUE

1 | 374 F.3d 797, 802 (9th Cir. 2004).

2 | "The plaintiff has the burden of proving the first two prongs. If the plaintiff fails to satisfy

3 | either of these prongs, personal jurisdiction is not established in the forum state." *Id.* "If the

4 | plaintiff succeeds in satisfying both of the first two prongs, the burden shifts to the defendant to

5 | 'set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable.'" *Id.*

6 | (quoting *Burger King,* 471 U.S. 462, 476-78). While all three requirements must be met, in

7 | considering the first two prongs, "[a] strong showing on one axis will permit a lesser showing on

8 | the other." *Yahoo! Inc., v. La Ligue Contre Le Racisme Et L'Antisemitisme,* 433 F.3d 1199, 1210

9 | (9th Cir. 2006) (en banc).

10 | In this case, none of the three factors necessary to support a finding of specific personal

11 | jurisdiction exists.

12 | (a)     **Plaintiffs Cannot Show "Purposeful Availment" by Defendants.**

13 | Plaintiffs cannot show that the Defendants purposefully directed their activities at

14 | California residents or purposefully availed themselves of the privilege of conducting activities

15 | within California, thus invoking the benefits and protections of local law. *Hanson v. Denchkla,*

16 | 357 U.S. 235, 253-54 (1958).

17 |

18 | A defendant's contract with an out-of-state party, alone, cannot "automatically establish

19 | sufficient minimum contacts with the other party's home forum." *Walden,* 134 S. Ct. at 1122-23

20 | (citations omitted). See, also, *Burger King,* 471 U.S. at 478. Rather, the defendant must

21 | "deliberately" engage in significant activities within the state or create "continuing relationships"

22 | and "continuing obligations" with citizens of the forum state. *Burger King* 471 U.S. at 473; 475-

23 | 76. Here, Plaintiffs allege neither deliberate engagement in significant activities nor continuing

24 | relationships or obligations on the part of Defendants in California, and none of the Defendants

25 | has any presence in California or has engaged in business activities there.  The Complaint alleges

26 | no "continuing obligations" of defendants, nor "continuing relationship" contemplated between the

27 | parties.  Rather, it alleges a contract to purchase the Shares, at a specified price, that required

28 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
FOR (1) LACK OF PERSONAL JURISDICTION; AND/OR (2) FOR IMPROPER VENUE; OR IN THE
ALTERNATIVE FOR CHANGE OF VENUE

1   payment that was not made.  That was the extent of the parties' alleged relationship and their

2   alleged obligations.

3

4   **(b)      The Claim Does Not Arise Out of or Relate to Defendants'**
          **Forum-Related Activities.**

5

6   Significantly, it was Rainmaker, apparently acting on behalf of plaintiffs, that first brought

7   the proposed purchase of the Shares to Adler's attention in New York.[1]  Adler Dec, ¶ 4.  As

8   addressed in (a) above, Defendants' engaged in no business activities in California and, it was

9   Rainmaker's contact with Adler, in New York, that caused there to be discussions concerning the

10  proposed transactions. The claim cannot, therefore, arise out of or relate to Defendants' forum-

11  related activities as there simply were none.

12  **(c)      Exercise of Jurisdiction Over the Defendants Would Be**
          **Unreasonable.**

13

14  Even where a court concludes that a defendant purposely availed itself of California

15  benefits and protections, and the plaintiff's claims would not have arisen but for defendant's acts

16  constituting purposeful availment, in order to exercise jurisdiction over a defendant it also must

17  appear that the exercise of jurisdiction by local courts in the particular case would "comport with

18  fair play and substantial justice." *Burger King*, 471 U.S. at 486 (citations omitted).

19  Put differently, the court may not exercise jurisdiction if it would be unreasonable to do so.

20  "[J]urisdictional rules may not be employed in such a way as to make litigation 'so gravely

21  difficult and inconvenient' that a party unfairly is at a 'severe disadvantage in comparison to his

22  opponent.' " *Id.* at 478 (citations omitted).

23  While Defendants submit that Plaintiffs have not satisfied the first two prongs for specific

24

25  [1] It has been noted that when a "California business seeks purchasers in other states...[and] deals
    with them by out-of-state agents or interstate mail and telephone, it is not entitled to force the

26  customer to California to defend an action on the contract. *Thos. P. Gonzalez Corp. v. Consejo*
    *Nacional de Produccion de Costa Rica*, 614 F.2d, 1247, 1252 (9th Cir. 1980) (Citation omitted.)

27

28
                                              7                          Court Case No. 3:16-cv-06531
    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
    FOR (1) LACK OF PERSONAL JURISDICTION; AND/OR (2) FOR IMPROPER VENUE; OR IN THE
    ALTERNATIVE FOR CHANGE OF VENUE

1  jurisdiction, we address the third "reasonableness" prong. The Ninth Circuit has articulated seven

2  factors to be used in determining whether the exercise of jurisdiction over a nonresident defendant

3  would be reasonable, *i.e.,* comports with traditional notions of fair play and substantial justice,

4  including: (1) The extent of the defendant's purposeful interjection into the forum state's affairs;

5  (2) The burden on the defendant of defending in the forum; (3) The extent of conflict with the

6  sovereignty of the defendant's state; (4) The forum state's interest in adjudicating the dispute; (5)

7  The most efficient judicial resolution of the controversy; (6) The importance of the forum to the

8  plaintiff's interest in convenient and effective relief; and (7) The existence of an alternative forum.

9  *Core-Vent Corp. v. Nobel Indus.,* 11 F.3d 1482, 1487-88 (9th Cir 1993); see also, *Burger King,*

10  471 U.S. at 476-477.

11       No single factor is dispositive; rather the Court must balance all seven factors. *Core-Vent,*

12  11 F.3d at 1488. Here, even if sufficient minimum contacts existed, which they do not, analysis of

13  these factors shows that the exercise of jurisdiction over the Defendants would be unreasonable.

14       It is clear that there was no purposeful interjection by the Defendants into California and

15  none of the Defendants maintains any presence in California. The possible purchase of the Shares

16  was presented to Adler in New York. No one acting on behalf of any Defendants ever traveled to

17  California.

18       Defense in California is burdensome for Defendants. The Ninth Circuit examines the

19  burden on the defendant in light of the corresponding burden on the plaintiff. *Brand v. Menlove*

20  *Dodge,* 796 F.2d 1070, 1075 (9th Cir. 1986). It has also been held that in examining these

21  corresponding burdens, "the primary concern is for the defendant's burden." *Federal Deposit Ins.*

22  *Corp. v. British-American Ins. Co., Ltd.,* 828 F.2d, 1439, 1444 (9th Cir. 1987). This Court is nearly

23  3,000 miles away from where the Defendants are located. Forcing the Defendants to defend this

24  suit from across the country is unduly burdensome because of the inconvenience, expense and

25  undue hardship of interstate travel to and from New York to California. Moreover, in addition to

26  Adler and Gorenstein, potential, non-party witnesses from Celadon and Rainmaker are believed to

27  be located in New Jersey and Chicago, respectively, which are significantly closer to New York

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
FOR (1) LACK OF PERSONAL JURISDICTION; AND/OR (2) FOR IMPROPER VENUE; OR IN THE
ALTERNATIVE FOR CHANGE OF VENUE

1 than California.

2         Addressing the remaining five factors: (1) compelling New York residents to litigate in

3 California, and perhaps have New York law applied in California, obviously conflicts with New

4 York's sovereignty; (2) California has no particular interest in adjudicating this dispute, other than

5 that plaintiffs are California citizens; (3) the most efficient resolution of the controversy would be

6 achieved in New York, in light of the locations of the non-party witness locations; *Core-Vent,* 11

7 F.3d at 1499; (4) the relief sought by Plaintiffs may be more conveniently and effectively achieved

8 by them in California, but it has been noted that not "much weight" should be "given to the

9 inconvenience of the plaintiff." *Toyz, Inc.,* 2010 WL 334475, at *10. (Citation omitted); and (5)

10 the United States District Court for the Southern District of New York, is clearly, an alternative

11 forum.  As discussed below, the Southern District of New York is not merely an "alternative

12 forum," it is the most appropriate forum under 28 U.S.C. §1391(b).

13         For the foregoing reasons, this Court's exercise of jurisdiction would not comport with

14 "fair play and substantial justice." *International Shoe*, 326 U.S. at 316.

15

16 **B.     Venue is Improper in the United States District Court for the Northern District of California.**

17

18 "In distinguishing between the principles of jurisdiction and venue, [the Ninth Circuit has

19 noted that], '[j]urisdiction is the *power* to adjudicate, while venue, which relates to the place where

20 judicial authority may be exercised, is intended for the *convenience* of the litigants.'" *Action Corp.*

21 *v. Atlantic Embroidery, Inc.,* 368 F.3d 1174, 1179 (citations omitted; emphasis in original).

22         Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §1406(a) provide the framework for a court to

23 dismiss a plaintiff's claim or claims on the ground of improper venue.  Venue of civil actions is

24 generally governed by 28 U.S.C. §1391. A civil action may be filed in: (1) A judicial district in

25 which any defendant resides, if all defendants are residents of the State in which the district is

26 located; (2) A judicial district in which a substantial part of the events or omissions giving rise to

27 the claim occurred, or a substantial part of property that is the subject of the action is situated; or

28

9                                    Court Case No. 3:16-cv-06531

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
FOR (1) LACK OF PERSONAL JURISDICTION; AND/OR (2) FOR IMPROPER VENUE; OR IN THE
ALTERNATIVE FOR CHANGE OF VENUE

1   (3) If there is no district in which an action may otherwise be brought…any judicial district in

2   which any defendant is subject to the court's personal jurisdiction with respect to such action. 28

3   U.S.C. §1391(b).

4        **1.**       **Defendants Reside in the Southern District of New York.**

5        Adler, who is the sole member of Fluxcap and managing member of Alphabet, is a resident

6   of New York City and has resided there at all relevant times.[2] Adler Dec, ¶ 2. Adler has never

7   resided in California, nor has he ever conducted business activities in California. Neither Fluxcap,

8   nor Alphabet, have ever had any offices in California, and neither has ever conducted any business

9   activities in California. Adler Dec, ¶ 5.

10        **2.**      **The Northern District of California is Not the Judicial District in Which a Substantial Part of the Events or Omissions Giving Rise to the Claim**

11             **Occurred; or the Judicial District in Which a Substantial Part of Property that is the Subject of the Action is Situated.**

12

13        The Supreme Court has indicated, "[t]he first two paragraphs of §1391(b) define the

14   preferred judicial districts for venue in a typical case" whereas "the third paragraph provides a

15   fallback option." *Atlantic Marine Const. Co., v. U.S. Dist. Court for W. Dist. Of Tex.,* 134 S. Ct.

16   568, 578, 187 L.Ed.2d 487 (2013). Once a defendant has challenged venue, the plaintiff has the

17   burden of demonstrating that venue is proper in the chosen district. *Piedmont Label Co., v. Sun*

18   *Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir. 1979).

19        Under 28 U.S.C. 1391(b)(2), "[t]o determine whether a substantial part of the events giving

20   rise to the claim occurred in the forum, the court first considers what acts or omissions by the

21   defendants give rise to the plaintiff's claims." *Alliance for Multilingual Multicultural Educ. v.*

22   *Garcia,* 2011 U.S. Dist. LEXIS 68101, 2011 WL 2532478, at *6 (N.D. Cal. June 24, 2011). The

23   statute "does not require that a majority of the events have occurred in the district where suit is

24   filed, nor does it require that the events in that district predominate." *Rodriguez v. Cal. Highway*

25

26   [2] Adler resides in New York County, which is encompassed by the Southern District of New York.

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR (1) LACK OF PERSONAL JURISDICTION; AND/OR (2) FOR IMPROPER VENUE; OR IN THE ALTERNATIVE FOR CHANGE OF VENUE

1  *Patrol*, 89 F. Supp. 2d 1131, 1136 (N.D. Cal. 2000). Instead, "for venue to be proper significant

2  events or omissions material to the plaintiff's claim must have occurred in the district in question,

3  even if other material events occurred elsewhere." *Richmond Techs., Inc., v. Aumtech Bus.*

4  *Solutions,* 2011 U.S. Dist. LEXIS 71269, 2011 WL 2607158, at *10 (N.D. Cal. July 1, 2011)

5  (citation omitted).

6

7          It is clear that no "significant" events or omissions material to Plaintiffs' claims occurred

8  in this District. All communications between the Defendants and individuals believed by Adler to

9  have been representatives of the proposed sellers of the Shares were conducted by Adler, and to

10 some extent, Gorenstein, each of whom was located in New York or a location other than

11 California at the time. In addition to Adler and Gorenstein, certain of the discussions regarding

12 the proposed transactions were conducted by representatives of Rainmaker, a Chicago company,

13 and/or Celadon, a New Jersey company, and it was Rainmaker that first brought the proposed

14 transactions to Adler's attention in New York. Adler Dec, ¶ 4.

15         All communications between Adler and/or Gorenstein and representatives of the proposed

16 sellers of the Shares were conducted by telephone or email, and at all times Adler and/or

17 Gorenstein were in the New York City area, or a location other than California, when engaging in

18 such communications.

19         No one acting on behalf of any of the Defendants engaged in any activities in California,

20 and no one was authorized to do so. Adler did not sign any documents in connection with the

21 proposed transactions in California.

22         While weighing the specific number of events occurring in each location may not be

23 decisive, clearly, here, the only connection to California is that plaintiffs are located there. That

24 cannot suffice to warrant venue in this District under 28 U.S.C. §1391(b)(2).

25 / / /

26 / / /

27 / / /

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
FOR (1) LACK OF PERSONAL JURISDICTION; AND/OR (2) FOR IMPROPER VENUE; OR IN THE
ALTERNATIVE FOR CHANGE OF VENUE

1

### 3. The Action May Be Brought in the United States District Court for the Southern District of New York.

2

3   As all Defendants reside and/or are domiciled in New York City, the action may and

4   should be brought in the United States District Court for the Southern District of New York. Thus

5   this action may be brought there. 28 U.S.C. § 1391(b)(1) and (3).

6   **C.   If the Action is Not Dismissed, it Should be Transferred to the United States District Court for the Southern District of New York.**

7

8   In the event that the Court determines venue is improper, here, the Court must dismiss the

9   action or transfer it to a district or division where it could have been brought. 28 U.S.C. §1406(a);

10  *Atlantic Marine Const.,* 134 S. Ct. at 577.

11  In *Atlantic Marine,* the Supreme Court clarified that §1406(a) and Rule 12(b)(3) allow for

12  dismissal only when venue is "wrong" or "improper." *Atlantic Marine*, 134 S. Ct. 568 at 577.

13  Whether venue is "wrong" or "improper" depends exclusively on whether the court in which the

14  case was brought satisfies the requirements of federal venue laws. *Id.* Defendants respectfully

15  submit that they have demonstrated, above, that venue in this Court is, in fact, "wrong" or

16  "improper," such that they are entitled to an Order dismissing the action. To the extent that the

17  Court agrees that venue is improper, but in the interests of justice is disinclined to dismiss the

18  matter, then the action must be transferred to the United States District Court for the Southern

19  District of New York, pursuant to 28 U.S.C. § 1406(a), as it is the only court in which the action

20  may have been brought under 28 U.S.C. § 1391(b)(1) or (3).

21  A motion for transfer under 28 U.S.C. § 1404(a) lies within the broad discretion of the

22  district court "to adjudicate motions for transfer according to an 'individualized, case-by-case

23  consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498

24  (9th Cir. 2000).

25  A motion to transfer venue under §1404(a) requires the court to weigh multiple factors.

26  For example, the court may consider: (1) The location where the relevant agreements were

27

28

12                                     Court Case No. 3:16-cv-06531

1  negotiated and executed; (2) The state that is most familiar with the governing law; (3) The

2  plaintiff's choice of forum; (4) The respective parties' contacts with forum; (5) The contacts

3  relating to the plaintiff's cause of action in the chosen forum; (6) The differences in the costs of

4  litigation in the two forums; (7) The availability of compulsory process to compel attendance of

5  unwilling non-party witnesses; and (8) The ease of access to sources of proof. *Id.* at 498-499.

6          Pursuant to 28 U.S.C. §1404(a), "[f]or the convenience of parties and witnesses, in the

7  interest of justice, a district court may transfer any civil matter to any other district or division,

8  where it might have been brought." "The purpose of §1404(a) is to prevent the waste of time,

9  energy and money and to protect litigants, witnesses and the public against unnecessary

10  inconvenience and expense." *Schilling v. Transcor Am.,* 2009 U.S. Dist. LEXIS 100447, 2009 WL

11  3334889, citing *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964).

12          It should be noted that a plaintiff's choice of venue is generally given substantial weight

13  and "the defendant must make a strong showing of inconvenience to warrant upsetting the

14  plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843

15  (9th Cir. 1986). However, "where the forum lacks any significant contact with the activities

16  alleged in the complaint, plaintiff's choice of forum is given considerably less weight, even if the

17  plaintiff is a resident of the forum." *Cohen v. State Farm & Cas. Co.,* 2009 WL 2500729 (Aug. 14,

18  2009), quoting *Knapp v. Wachovia Corp.,* 2008 U.S. Dist. LEXIS 41000, *5, 2008 WL 2037611

19  (N.D.Cal. May 12, 2008).

20          "If the operative facts have not occurred within the forum of original selection and that

21  forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled

22  only to minimal consideration." *Pacific Car and Foundry Co., v. Pence,* 403 F.2d 949, 954 (9th

23  Cir. 1968).  Defendants have demonstrated that the operative facts have not occurred in California.

24  Contact between and on behalf of the parties was initiated in New York and locations other than

25  California.

26          Moreover, it is respectfully submitted that this forum is no more familiar with the

27  governing law than would be the United States District Court for the Southern District of New

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
FOR (1) LACK OF PERSONAL JURISDICTION; AND/OR (2) FOR IMPROPER VENUE; OR IN THE
ALTERNATIVE FOR CHANGE OF VENUE

1  York, especially if it is determined that New York law applies.[3]

2       None of the defendants in this case reside in the State of California; they reside in New

3  York. Witnesses, other than, presumably, plaintiffs, are located in New York City, New Jersey and

4  Chicago, Illinois. Although costs of litigation may be considerable in either this or New York, the

5  location of the respective courts suggests a greater expenditure of time, effort and resources if the

6  action remains in this Court.[4]

V.

7

CONCLUSION

8

9

10      For the reasons set forth above, Defendants respectfully move this Honorable Court,

11  pursuant to Federal Rule of Civil Procedure 12(b)(2) and Civil L.R. 7-2, *et seq.*, for an order

12  dismissing the claims asserted by Plaintiffs against Defendants in the Complaint for lack of

13  personal jurisdiction; and/or, pursuant to Federal Rule of Civil Procedure 12(b)(3) and Civil L.R.

14  7-2, *et seq.*, for an order dismissing the claims asserted by Plaintiffs against Defendants in the

15  Complaint for improper venue; or, in the alternative, pursuant to 28 U.S.C. § 1404(a) for a change

16  of venue to the United States District Court for the Southern District of New York.
    DATED: December 8, 2016                 GILMORE MAGNESS LEIFER

17

18

19                                  By:  /s/ David M. Gilmore
                                        David M. Gilmore
20                                      Attorneys for Fluxcap, LLC, Jason Adler
                                        Alphabet Ventures, LLC
21

22

23  _____

24  [3] The alleged "agreements" are attached to the Complaint as Exhibit A, and they do not specify a
    choice of governing law.

25  [4] The Court may take judicial notice that New Jersey is adjacent to New York City and Chicago is,
26  approximately, 700 air miles from New York City.  New Jersey is, obviously, across the country
    from San Francisco, and Chicago is, approximately, 1,700 air miles from San Francisco.

27

28                                  14                    Court Case No. 3:16-cv-06531
    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
    FOR (1) LACK OF PERSONAL JURISDICTION; AND/OR (2) FOR IMPROPER VENUE; OR IN THE
    ALTERNATIVE FOR CHANGE OF VENUE